This case arises out of mail fraud and financial and unlawful monetary transactions. The first issue I would like to address relates to the two counts on the sufficiency of the evidence issues. One relates to count two on the mail fraud and the victim in this case never testified. Which doesn't necessarily invalidate the conviction as to her, right? That's correct. Not as a matter of course, of course. But there was no evidence other than that she invested in this mail fraud situation. There's nothing that shows that she was in any part defrauded or misled in any way. The only evidence basically that came in on this count was her check and the evidence of the co-defendant who pled guilty. Well, can't the jury infer from the fact that there's an invariable pattern, that that pattern applied with respect to that victim as well? The only problem with that, that's basically the argument that the government The difficulty with that is you get an innocent count that gets swept into this whole mix of 20 some counts and 30 witnesses and all this, and that's why I think it's important that we have to take a look and not just say, well, it's kind of a pattern and it's somewhere in there. At least on most of the counts where there's a conviction, there was statements that there were misrepresentations made to the investors. And here, even the co-defendant who did testify, didn't testify with respect to any misstatements. He just said, well, she invested her money and most investors were defrauded and she must have been defrauded. Well, there was evidence that the entire scheme was fraudulent, so that by definition, anybody who put money into it was being defrauded. So unless, I mean, is it your position that there was also legitimate activity to which this money could have been put? Well, there was, but the statement that you made would seem to just shift the burden of proof to the defendant. Well, the question is, what could a rational jury have believed beyond a reasonable doubt based on all the evidence that was presented? And if a reasonable juror could have believed beyond a reasonable doubt that the entire scheme was fraudulent, why isn't the inference permissible? I think that you could just get all kinds of counts included in, if you do the analysis that way, of just anybody who put a check in will find him guilty. And I think at least the government... Well, I hear the tone of outrage in your voice about that, but if the government has demonstrated that there's nothing legitimate in a particular scheme, I know you don't necessarily, but it's possible for people to have a business that's partly legitimate and partly fraudulent, or it's possible for them to have something that's entirely fraudulent. And if the government proves that the whole thing is a sham, I don't understand why it isn't okay to have... Well, I didn't mean to cut you off. It's kind of the, I guess my analysis, it's the ends justifying the means. I think the government still has to be put to the burden of proof. And in this count, just by dropping a check into evidence and say she invested, in fact, this particular woman got her money back. I mean, she was one who actually did get a refund. So, I mean, that's not dispositive of the count, but I think that we still have to scrutinize each individual count and make sure that there's some count that's not just getting swept in and wrapped into the hysteria of this kind of a situation that the jury is confronted with. It also raises an interesting legal question with respect to the mail fraud conviction on count seven, which was based on a letter written by the lawyer for one of the investors. Now, we know that letters can be the basis of mail fraud. There's no doubt about it, but in this particular count, the victim didn't write a letter. I'm not quite sure I understand exactly the focus of your argument. Is the problem with it, from your perspective, that the letter exchange was with a lawyer? Well, it was with the non-victim. Acting for the victim? Well, yes. So it has to be the victim himself. All the cases have dealt with letters written by victims, because what if family members, what if 30 family members wrote a letter on a writing campaign? I mean, it happens to be a lawyer, but the law doesn't... I happen to have a 90-year-old victim who can't hear or see or probably write, and his lawyer is in communication, and the representation or the promise to pay, to refund the money, is made to the victim through the lawyer. Why isn't that as much of a lulling enterprise as it would be had it gone directly to Hilgard? Well, I'm not saying that the conduct was correct, and it may be that there should have been a different count filed with respect to that letter. But if we're going to talk about a mail fraud, the government hasn't cited a case. The cases they cited were all written by victims, and the law appears to be if the victim writes a letter. Now, if we're extending it, I guess if a lawyer writes a letter or if an accountant writes a letter or if his brother writes a letter, I mean, at what point... Or is it just anybody writing a letter on behalf of the victim? Well, what's the... Why should we get excited about that? Well, about who wrote the letter? Yeah. If the victim didn't write the letter, there shouldn't have been a conviction on that count. Even though the promise is made to pay back the victim. That's correct. It's the mail fraud, which is the victim... The cases state that if a victim sends a letter, you can get a mail fraud count. If there's a third... There's nothing that talks about third parties. Well, let me put this in the context of a different crime. If I know that you're represented by a lawyer and I want to use the mails to threaten to kill you, so I can send a letter to your lawyer saying, please tell your client that I intend to blow him up. You're saying that that's not really a threat to the victim because it was only sent to the lawyer. The lawyer, at least, I'm not going into whether the cousins can send letters, but a lawyer acts as the representative of the client. So why wouldn't this be permissible in the sort of representative capacity? I see nothing in the case law that permits it. The only thing that... I'm saying it's a matter of logic and it's a matter of dealing with the relationship between lawyer and client. Why it doesn't make sense that the lawyer can act on behalf of the client in this way. It sounds very logical. I can't dispute that. I'm not sure that it's legal, that that's what the legal standard is. Because the cases say that the victim has been defrauded, and if the victim writes a letter, that you can get a conviction. And that's just not what happened in this case. So the victims who are worried about doing it right, and they get a lawyer to help them out, are not really victims, even though they've now expended more money than the victims who did it themselves. I mean, that's really the result of your logic. No, I'm just saying they're victims, but maybe not of mail fraud. Maybe they're victims of theft or some other crime. So if we're focusing, this is a mail fraud count, the count is specifically based on the letter. And there might be other counts in which the prosecution of the government could have charged. My position is it's just, it doesn't fit the criterion for mail fraud. I'd like to jump ahead, if I could, to a couple of the sentencing issues. One of which is the issue of grouping. And whether under 3D1.4, the mail fraud and the monetary transaction counts should have been grouped. The effect was that the defendant got an extra point in the sentencing calculation. And there was a, there was a rip to the guidelines in 2001. And to make a long story short, it's our position that that applies. Why does that apply to the sentencing that, when it occurred, occurred under the previous version of the guidelines and when CEREX was still a good law? Well, the law is that if there's a sentencing change between the time of sentence and the appeal, that the defendant gets the benefit of a retroactive application to the guidelines. Now, it's true that the parties agreed that there would be an agreement that he would be sentenced under the 1995 guidelines. There was nothing that said he couldn't take the benefit of a subsequent retroactive change that everybody else would be entitled to. And. So you're not saying that the sentencing was wrong when it occurred? That's correct. Okay. So you're saying, however, now we should say if the sentencing were to occur today, then the result would be different. That's right. And if we were applying the 1995 guidelines, which was applied, and we, that's correct. And I believe there was a case if I, that came down, and I just happened to see it last night, and which I believe dealt with this issue. And I might be mistaken, Judge Graver, it might have been a case that you authored. But I read it late last night in reviewing some of my notes. If I could give the court the site, and I apologize for not submitting it. It's 273 Fed Third 988, which is U.S. v. Martin, which I believe addresses the point. And I apologize for not submitting it earlier. I have a few minutes left I'd like to address, unless there's any further question on that. I would like to address the issue of role. The defendant was given four points for being an organizer or leader of the enterprise that had five or more participants. And a participant is somebody under the code who's considered to be criminally responsible, not just somebody who's doing it, or involved and not necessarily criminally responsible, although they don't need to be convicted. And I, it's our position that there's an insufficient showing that there were five participants. The best I can, the government in its brief in adding the numbers up, other than there was other participants that they focused on. There were other people involved, but the government focused on six people. Which is a little bit more than five. Right, but I have a dispute with three of them, and that's where the contention. Okay, go ahead. That seems that the government, there was other criminal participants, but the government didn't meet the total number required under that particular guideline, and he should have gotten two points instead of the four points. He does have a role in the offense liability there. Okay, what is it that distinguishes them in your mind? Because obviously there's Williams and there are two or three others who fessed up. Right. And there were 25 employees. Right. And so the difference you're saying is that maybe some of those employees didn't realize that this was a scam? Well, the government apparently has focused on three other individuals that were contained in their brief. So I'm removing the other 19 or 20, and the basis that those three were included is that they received a check, a commission check or a check for doing work, other than in their own name, was the basis. But one of the quote-unquote participants was named Shifflett, and he received a check in the name of Shifflett Productions. His name was still there. Another was named Belvin, and he received a check in the name of Belvin Associates. And that's how we build up, and there's one other like that, and that's how we build up to six. And to me, receiving a check, if you're at a DBA, if somebody gives me a check to Rome Associates, I mean, does that make me a criminal participant? And that's how the government got to six. I have 30 seconds left. I would like to save it, unless, I don't guess I don't, I guess we're sticking to the 15-minute time limit. But I'll save my 30 seconds. Thank you. Okay. Mr. Kim. May it please the Court. Curtis Kim on behalf of the United States. Starting first with some of the issues that the appellant raised. With respect to grouping, again, it was the 1995 guidelines that were used at the time, and it's undisputed that under Serax and Taylor, this Court's case, is that the offenses did not group at that time, and that should be the end of it. But I also should point out for the Court that it really is of no moment. I did the guideline calculations last night with respect to grouping. Under the 1995 guidelines, and as is reflected in paragraph 60 of the pre-sentence report, the defendant received one additional offense level when the offenses did not group. Under the new guidelines, even assuming that this is an explicitly retroactive application of the guidelines, which I'm not altogether sure that it is, but even so, it would only be one additional offense level if the offenses did group. So there really is no change to the defendant's status in terms of his sentencing. So that issue really is not of much help to the defendant. I'm not sure I understand that. Even though it changes the offense level by one layer, the sentencing range is the same? Yes, Your Honor. Whether the counts are grouped or not grouped, whether one is using the 1995 guidelines in which they are not grouped, it only changes the offense level by one. And if they are grouped under the new guidelines, there would still be an additional one-level offense level. So there's no change overall to the defendant's sentence under either version of the guidelines here. And that's something, obviously, that isn't reflected in our brief. With respect to the defendant's attack on the sufficiency of the evidence, the standard here, again, is could any rational juror have so found that the mailings weren't further into the scheme to defraud? And as the Court pointed out in its earlier colloquy, although there was no direct evidence of what was told to Regina Bolden or not, certainly a rational juror could have found, based on the evidence presented, that any investor who invested in this particular scheme was defrauded. And, in fact, there was direct evidence, obviously, that her check was a direct investment into the Montgomery SMR system. Indeed, even at sentencing, the defendant admitted that this was a scheme to defraud. And, in fact, with respect to all eight counts of the mail fraud that the defendant was convicted on, and sort of like the grouping issue here, in fact, there really is no help to the defendant, even if he were to prevail on the mail fraud counts that he challenges here, which is count seven, count two, as well as even assuming the two counts involving Dale Barr in his deposition. That still leaves unchallenged four mail fraud counts here. The defendant was sentenced to 87 months. He then only would have had to have been convicted of two counts of mail fraud to cover the 87-month sentence. So, really, again, even if the defendant were to prevail on the four mail fraud counts that he challenges here, for the reasons in our brief we don't think that he ought to, it really is of no help to him at sentencing. Again, the standard is that this Court reviews it would be for clear error. And, certainly, it would seem that the District Court found, and the record supports the fact that the defendant was the leader here. He trained the telemarketers. He hired and fired them. He obtained the sales list. He controlled the money that came in and out of the organization. It was his operation. There are two theories under which he can get four levels of enhancement. Either one is that the enterprise was extensive, or two, that the enterprise involved five or more criminally responsible participants. We believe that both apply. In terms of being otherwise extensive, it could have been found because there were at least 20 to 25 telemarketers who were working at any one time for this enterprise. There were offices in two cities. Investors across the nation were solicited. Over $2 million in funds were raised. Multiple mailings went out. This was a very involved operation. Notwithstanding that, in addition, the aggravating role of enhancement could have been applied, because, certainly, there were five, if not six or more, criminally liable participants. The defendant needed them. But we could agree with opposing counsel's comments about the five or six participants, and it would agree with your other point that the scheme was otherwise extensive. That is correct, Your Honor. You could. However, the record does also support the fact that there were five or more criminally liable participants, including the defendant, his co-defendant, Williams, two telemarketers, Calawan, and Walker, who admitted to the government that they knew that they were making misrepresentations, as well as the three telemarketers that opposing counsel identified, who were paid under secret names. Certainly, one of the major misrepresentations in this case was the fact that only 15 percent commissions were paid out, whereas it was established at trial, beyond a reasonable doubt, that at the very least commissions received by the telemarketers were upwards of 25 percent, sometimes as much as 40 percent. These telemarketers, at the very least, knew that they were receiving commissions the investors about. In fact, of course, they were receiving these commissions in DBAs, if you will. And also, the pre-sentence report also identified another telemarketer, a Brian Clark, in paragraph 24 of the pre-sentence report. That is, he had another telemarketer, who the U.S. Probation Office identified as a criminally liable participant. And, in fact, the record at trial established that Brian Clark was on the phone with a number of investors, including retired schoolteacher Marguerite Snipes, who was told by him that she would make barrels of money. And, of course, she invested based on his misrepresentations. Unless the Court has any questions, we would submit on the matter. No, I don't think so. Thank you. Thank you. Just very briefly, in reviewing the sentence, I believe that he was sentenced on a criminal history of three and 27 points. And I believe if we took the one point off, he got that one point for the grouping. So I think there would be a difference. It would give him a possibility of getting a sentence of less than he got. So I wasn't quite sure what counsel's argument was. On the alternative to the otherwise extensive, the Court never ruled on that. The Court basically ruled on the six participants. So the Court here didn't find six participants. I think we need to have a remand for the trial judge to decide. And lastly, although I didn't get a chance to address it, the issue of the vulnerable victim, the Court is supposed to make a specific finding that there's a class of vulnerable victim and that the defendant knew or should have known. And the fact that somebody is of age does not necessarily make them vulnerable. The pre-sentence report mentions age, but there's more to it than just that. Thank you. All right. Thank you both for your argument. And the matter just argued will be submitted. The Court will take a remand or something.
judges: Browning, Rymer, Graber